```
STEPHEN YAGMAN
723 Ocean Front Walk
Venice, California 90291-3212
(310) 452-3200

Presented on behalf of
Stephen Yagman
```

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Stephen Yagman,<br><br>    Plaintiff,<br><br>v.<br><br>Dale Kristopher Galipo, Margaret Eichenlaub, David Eichenlaub, Raymond Griffith Fortner, Robert Edward Kalunian, John Foster Krattli, Roger Harold Granbo Jr., Edwin Arthur Lewis, Gary Yoshio Tanaka, Dennis Michael Gonzalez, Leroy David Baca, Lawrence Trevor Grimm, Jr., Manning & Kass, Ellrod, Ramirez, Trester LLP, Manning & Marder, Kass Ellrod Ramirez LLP, Thomas Charles Hurrell, Hurrell Cantrall LLP, and Unknown Named Defendants Nos. 1-10,<br><br>    Defendants. | No. CV12-07908-GW(SHx)<br><br>**COMPLAINT**<br>(09-13-12)<br><br>(Damages for Breach of Written Agreement, Ignoring a Lien, Fraud, Deceit, Fraudulent Conveyance, and Racketeer Influenced and Corrupt Organizations Act (RICO))<br><br>**JURY DEMAND** |

Plaintiff makes the following allegations on information and belief in support of his complaint:

//
//
//

1



## JURISDICTION AND VENUE

1. Plaintiff and defendants are citizens of different states, to wit: plaintiff is a citizen of New York, and defendants, each and all, are citizens of states other than New York, including California and Pennsylvania, therefore this court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this court has jurisdiction pursuant to 28 U.S.C. § 1367 of the state claims and has jurisdiction pursuant to 28 U.S.C. § 1331 of the federal claim made under 18 U.S.C. § 1961, *et seq*. Defendants other than the Eichenlaubs systematically do business in California and the claims arose in California, and in the federal court Central District of California, and the Eichenlaubs engaged in case-specific conduct in California on which the claims against them are based.

2. Because defendants do business in California and all of the matters that are the basis for this action occurred in Los Angeles County, therefore, venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff was an attorney who performed legal services for the Eichenlabus in the action entitled *Eichenlaub v. Baca*, 06-CV-06979, in the U.S. Dist. Ct. for the Cent. Dist. of California, defendants all are (A) a lawyer who performed legal services for the plaintiffs (Galipo), (B) a defendant in that action (Baca), (C) lawyers who defended that action or who supervised lawyers who defended that action (defendants Fortner through Gonzalez and Grimm), (D) a law firm whose lawyers defended that action and its successor (the Manning firms), and (E) a lawyer who, after the fact, participated in the scheme to prevent the honoring of plaintiff's lien for costs and attorneys' fees (Hurrell) and his firm, Hurrell Cantrall LLP. Unknown Named Defendants 1-20, are persons and/or

2

entities whose true names presently are unknown and who engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow.

## ALLEGATIONS COMMON TO EACH COUNT

4. In or about October 2006, the Eichenlaubs entered into a written retainer agreement with plaintiff, under whose provisions they agreed to pay him and his then-law firm for legal services to be rendered.

5. An action was filed by plaintiff on behalf of the Eichenlaubs on November 1, 2006.

6. On or about April 9, 2007 plaintiff was ordered substituted out of that action and defendant Galipo was ordered substituted into that as counsel for the Eichenlaubs.

7. On April 12, 2007, plaintiff filed a lien for costs and attorneys' fees in the action, it was served on Galipo and on all defense counsel, and was docketed on April 13, 2007.

8. At some unknown date after April 13, 2007, the action was settled.

9. The United States mails and/or wires and/or instrumentalities of interstate commerce were used to negotiate and/or to effectuate the settlement.

10. On or about October 16, 2009, the action was ordered dismissed based on a settlement.

11. All defendants had knowledge of plaintiff's lien or constructive knowledge of plaintiff's lien.

12. No notice of the settlement or dismissal of the action was provided to plaintiff by any defendant.

13. At some unknown time, defendants paid the settlement sum to defendants Galipo and the Eichenlaubs.

14. No defendant honored the lien.

15. Defendants other than Galipo and the Eichenlaubs fraudulently conveyed and transferred or caused to be conveyed and transferred to Galipo and the Eichenlaubs funds that rightfully and legally were plaintiff's property.

16. No defendant paid to plaintiff any fees or costs due to plaintiff.

17. Galipo and the Eichenlaubs stole plaintiff's property and attempted to defraud plaintiff of his attorney's fees and costs.

18. Plaintiff attempted to obtain his fees and costs from Galipo and Granbo, but both defendants chose to ignore plaintiff's request.

19. Defendants Hurrell and Hurrell Cantrall LLP used the USPS and instrumentalities of interstate commerce to communicate to plaintiff that his concerns about the lien would be addressed by Galipo in the near future from August 27, 2012. Galipo never contacted plaintiff.

20. From March 31, 2008 until November 8, 2010 plaintiff continuously was incarcerated for a term of less than life imprisonment.

21. All acts and/or omissions perpetrated by each defendant were engaged in fraudulently, coercively, maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of plaintiff.

21a. Each and every allegation of each and every averment of this complaint is incorporated herein by this reference in each and every other allegation of this complaint.

## COUNT 1

(Breach of contract, against Galipo and the Eichenlaubs)

22. The Eichenlaubs materially breached the retainer contract they had with plaintiff by (A) failing and refusing to pay costs and fees.

4

23. Galipo participated in the breach of the Eichenlaubs breaching of their contract with plaintiff by failing to discharge his duty to pay prior counsel's, plaintiff's costs incurred and attorneys' fees.

## COUNT 2

(Ignoring lien, against all defendants except the Hurrell defendants)

24. By not honoring plaintiff's lien, all defendants are liable for failing to honor the lien.

25. – 29. Reserved.

## COUNT 3

(Fraud, against all defendants)

30. By settling the action and not honoring plaintiff's lien and then seeking to avoid payment of the lien, all defendants defrauded plaintiff out of costs and fees due to him.

## COUNT 4

(Deceit, against all defendants except the Hurrell defendants)

31. By settling the action and not advising plaintiff it was settled, all defendants intended to deceive and in fact did deceive plaintiff.

## COUNT 5

(Fraudulent conveyance, against all defendants, except the Hurrell defendants)

32. By transferring the settlement funds to Galipo and the Eichenlaubs, all defendants participated in a fraudulent conveyance of monies rightfully belonging to plaintiff.

## COUNT 6

(Conspiracy, against all defendants)

33. Defendants agreed and/or understood that they all would do, or fail to do, the things set forth hereinabove and in that conspired to harm plaintiff by the

breach of contract alleged, ignoring the lien, fraud, deceit, fraudulent conveyance, and generally acting dishonestly, unethically, and reprehensibly.

### COUNT 7

(Civil Rico, against all defendants)

34. The defendants constitute an enterprise, within the meaning of 18 U.S.C. 1961(4).

35. As regards the dealings alleged in the instant action, all defendants together are an enterprise, within the meaning of 18 U.S.C. § 1961(4).

36. The activities of all defendants affected interstate commerce.

37. Defendants received income, directly and/or indirectly, by way of, *inter alia*, profits, salary, compensation, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, from the pattern of racketeering activity alleged herein and used that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

38. Defendants, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

39. The pattern of racketeering activities included a continuous pattern and practice potentially involving activities, including any potential civil RICO predicates, set forth in the RICO predicate statutes, including fraud, wire fraud, and mail fraud.

40. The details of the fraud, wire fraud, and mail fraud allegation are that defendants committed these frauds as to the plaintiff, as set forth hereinabove, by engaging in wrongful conduct to steal costs and fees that were plaintiff's property and to defraud plaintiff out of his property.

41. On information and belief, the enterprises' activities have occurred on more than one occasion over the past 10 years and constitute at least two acts of fraud by deception and concealment.

42. The bad acts described in the matters enumerated hereinabove occurred over a period of time and are related in that they evidence civil RICO predicates, including at least fraud, wire fraud, and mail fraud, and pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and are not isolated events, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity, that continues to the date on which this complaint will have been filed as to plaintiff.

43. These wrongful acts over a period of years and the bad acts alleged hereinabove enabled defendants to acquire and maintain, both directly and indirectly, interests in and control of the racketeering enterprises in which they all engage.

44. Defendants' activities led to their control and acquisition over the enterprise and resulted in the injuries to plaintiff, as alleged herein, which resulted from defendants' participation in and control of the enterprise.

45. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and/or supervisorial defendants engaged in and/or condoned racketeering activities.

46. The willful and/or negligent mismanagement of the enterprise with knowledge by defendants charged with management and potentially other defendants that it was and continues to be operated as a RICO enterprise, directly caused and continues to cause harm to plaintiff and his property, as alleged herein.

47. The acquisition of control of the enterprise by its participants who engaged in RICO predicate acts harmed and continues to harm plaintiff.

48. The enterprise formed by the defendants herein is an enterprise because it has a hierarchical structure and a consensual structure for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

49. Plaintiff was harmed in that his property, as set forth hereinabove, was subjected to, affected by, and its value affected negatively by fraud, mail fraud, and wire fraud.

50. Both directly and indirectly, defendants in the acts and instances alleged herein, and others, have conducted the RICO enterprise's affairs and have, as a matter of fact, participated in the operation and *de facto* management of the RICO enterprise.

51. By the conduct alleged herein, each defendant participated in the operation and management of the RICO enterprise himself or itself and played some part in directing its affairs.

52. Plaintiff was injured in his property by reason of the wrongful conduct against him, as set forth hereinabove.

53. Plaintiff has suffered a material diminishment in the value of his property, to wit, his carpeting.

54. Defendants unlawfully have engaged in the racketeering activities set forth in the preceding averments and, on information and belief, on at least two occasions during the past 10 years, through a pattern of racketeering activity, and have acquired, directly and indirectly, control of the identified enterprise.

55. Defendants, who either are employed by or who are associated with that racketeering enterprise, have conducted that enterprise through a pattern of racketeering activities, as set forth hereinabove.

56. Through a pattern of racketeering activities, as set forth hereinabove, defendants, and each of them, acquired and/or maintained, directly and/or indirectly, interests in and/or control of the RICO enterprise and its activities by, among other things, their own aggrandizement that flows therefrom.

57. By virtue of the allegations set forth hereinabove, some defendants were or are employed by, all defendants were or are associated with, and all defendants participated in, directly and/or indirectly, the RICO enterprise.

55. Defendants unlawfully conspired and continue to conspire, as set forth hereinabove, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators

56. Plaintiff was injured in his property by reason thereof, and plaintiff is entitled to damages, to be trebled.

//
//
//
//
//
//
//
//
//
//
//
//

**Wherefore**, plaintiff requests relief against defendants, and each of them, as follows:

1. General damages of more than $75,000.00, exclusive of interest and costs;

2. Punitive damages of $100,000.00;

3. Damages according to proof on the civil RICO claims, to be trebled;

4. Costs of suit;

5. Attorneys' fees;

6. Interest; and

7. Such other relief as is just and proper.

*/s/ Stephen Yagman*
STEPHEN YAGMAN

## JURY DEMAND

Plaintiff demands trial by jury of all issues.

*/s/ Stephen Yagman*
STEPHEN YAGMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

### CV12- 7908 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen Yagman, <br><br>                                Plaintiff(s), <br> v. <br><br> Dale Kristopher Galipo, Margaret Eichenlaub, David Eichenlaub, Raymond Griffith Fortner, Robert Edward Kalunian, John Foster Krattli, Roger Harold Granbo Jr., Edwin Arthur Lewis, Gary Yoshio Tanaka, Dennis Michael Gonzalez, Leroy David Baca, Lawrence Trevor Grimm, Jr., Manning & Kass, Ellrod, Ramirez, Trester LLP, Manning & Marder, Kass Ellrod Ramirez LLP, Thomas Charles Hurrell, Hurrell Cantrall LLP, and Unknown Named Defendants Nos. 1-10, <br><br>                                Defendant(s) | CASE NUMBER: <br> CV12-07908-GW(SHx) <br><br><br> SUMMONS |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney <u>STEPHEN YAGMAN</u>, whose address is:

> **STEPHEN YAGMAN**
> **723 Ocean Front Walk**
> **Venice, CA 90291-3212**
> **(310) 452-3200**

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within ___21___ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

Date: September 13, 2012          By: ANDRES PEDRO
                                        Deputy Clerk

                                        (SEAL OF THE COURT)

CV-1A (01/01)          SUMMONS          1202

FOR OFFICE USE ONLY (watermarks repeated across page)

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒ )

**STEPHEN YAGMAN**

**DEFENDANTS**

**Dale Kristopher Galipo**

**(b)** County Of Residence Of First Listed Plaintiff (Except In U.S. Plaintiff Cases):

County Of Residence Of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephen Yagman
723 Ocean Front Walk
Venice, CA 90291-3212
(310) 452-3200

**ATTORNEYS** (If Known)

**UNKNOWN**

**II. BASIS OF JURISDICTION** (Place an X in one box only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No

**MONEY DEMANDED IN COMPLAINT $ DAMAGES**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**Breach of contract, ignoring lien, common law torts, and federal civil RICO**

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act |
| ☒ 470 Racketeer Influenced and Corrupt Organizations | | | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 810 Selective Service | ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 850 Securities/Commodities/Exchange | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | BANKRUPTCY | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 891 Agricultural Act | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 892 Economic Stabilization Act | ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 893 Environmental Matters | ☒ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | | SOCIAL SECURITY |
| ☐ 894 Energy Allocation Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 895 Freedom of Information Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 210 Land Condemnation | | ☐ 443 Housing/Accommodations | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| | ☐ 220 Foreclosure | | ☐ 444 Welfare | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): not applicable

CV12-07908-GW (SHx)

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (01/03)                        CIVIL COVER SHEET – Continued on Reverse                         Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): 06-CV-06979-GHK

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
- ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
- ☐ B. Involve the same or substantially the same parties or property;
- ☐ C. Involve the same patent, trademark or copyright;
- ☐ D. Call for determination of the same or substantially identical questions of law, or
- ☒ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Los Angeles and Pennsylvania

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.
Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** /s/ Stephani Jaques    Date Sept. 13, 2012

**NOTICE TO COUNSEL/PARTIES:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title2 of the Social Security Act, as amended. (42 U.S.C. 405(g) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |