LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Defendants Margaret Eichenlaub, David Eichenlaub, and Dale Kristopher Galipo*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DALE KRISTOPHER GALIPO; et al.,<br><br>　　　　Defendants. | Case No. CV 12-07908 GW (SHx)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**<br><br>*Before the Hon. George Wu*<br><br>FPTC: Jul. 3, 2014<br>Time: 8:30 a.m.<br>Ctrm: 10<br><br>Trial Date: Jul. 8, 2014<br>Time: 9:00 a.m.<br>Ctrm: 10 |

**Defendants' Objections to Plaintiff's Proposed Special Verdict Form**

Plaintiff's Proposal:

　　We, the jury, unanimously find that Defendant Margaret Eichenlaub [does or does not] owes legal fees to Plaintiff Stephen Yagman, and if you have crossed out "does not," then here enter the amount owed _____

1   We, the jury, unanimously find that Defendant David Eichenlaub [does or does not] owes legal fees to Plaintiff Stephen Yagman, and if you have crossed out "does not," then here enter the amount owed _____

  We, the jury, unanimously find that Defendant Dale Galipo [does or does not] owes legal fees to Plaintiff Stephen Yagman, and if you have crossed out "does not," then here enter the amount owed _____

Defendants' Objection:

  The proposed verdict form is argumentative. The proposed verdict form is an improper statement of the parties' claims and defenses and contains an incomplete recitation of the elements required to be established. Further, it fails to mention of any of Defendants' affirmative defenses. Plaintiff's counter-proposed verdict form should be given in place of this improper verdict form.

Defendants' Counterproposal:

**PHASE ONE VERDICT FORM (Claim Against Eichenlaubs)**

**VERDICT FORM**

We answer the questions submitted to us as follows:

**QUESTION NO. 1**

1. **Did Y&Y&R manifest an intention to transfer to Mr. Yagman its right to be paid for any legal services performed on behalf of the Eichenlaubs?**

  Yes _____   No _____

If your answer to question 1 is yes, then answer question 2a.

If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

## QUESTION NO. 2

**2a.    Did Y&Y&R perform services as requested by the Eichenlaubs?**

      Yes _____     No _____

If your answer to question 2a is yes, then continue and answer question 2b.

If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**2b.    Did the Eichenlaubs not pay Y&Y&R for the services?**

      David Eichenlaub          Yes _____          No _____
      Margaret Eichenlaub     Yes _____          No _____

If your answer to question 2b is yes for at least one defendant, then continue and answer question 2c.

If you answered no for both defendants, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**2c.    Did Mr. Yagman bring his quantum meruit claim within the statute of limitations?**

      Yes _____     No _____

If your answer to question 2c is yes, then continue and answer question 2d. If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**2d.   What is the reasonable value of legal services performed by Y&Y&R on behalf of the Eichenlaubs:**

$ _____

Signed: _____
         Foreperson

Dated: _____

**After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.**

<u>Source</u>:   CACI 300 (as modified).

<u>**PHASE TWO VERDICT FORM (Claim Against Galipo)**</u>

<u>**VERDICT FORM**</u>

We answer the questions submitted to us as follows:

DEFENDANTS' OBJECTIONS TO PL.'S PROPOSED SPECIAL VERDICT FORM

## QUESTION NO. 1

**1a.** Did Y&Y&R and the Eichenlaubs have an economic relationship that probably would have resulted in an economic benefit to Y&Y&R?

Yes _____   No _____

If your answer to question 1a is yes, then answer question 1b.
If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**1b.** Did Mr. Galipo know of the relationship?

Yes _____   No _____

If your answer to question 1b is yes, then continue and answer question 1c.
If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**1c.** Did Mr. Galipo engage in conduct that was wrongful by some legal measure other than the fact of the interference itself and was not privileged [Court to determine independently wrongful conduct]?

Yes _____   No _____

If your answer to question 1c is yes, then continue and answer question 1d.
If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**1d.** By engaging in this conduct, did Mr. Galipo intend to disrupt the relationship or know that disruption of performance was certain or substantially certain to occur?

Yes _____   No _____

If your answer to question 1d is yes, then continue and answer question 1e. If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**1e.   Was the relationship disrupted?**

Yes _____   No _____

If your answer to question 1e is yes, then continue and answer question 1f. If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**1f.   Was Mr. Galipo's conduct a substantial factor in causing harm to Y&Y&R?**

Yes _____   No _____

If your answer to question 1f is yes, then continue and answer question 1g. If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**1g.   Did Mr. Yagman bring his intentional interference with prospective economic relations claim within the statute of limitations?**

Yes _____   No _____

If your answer to question 1g is yes, then continue and answer question 1h. If you answered no, then stop here, answer no further questions, and have the presiding juror sign and date this form.

1h.  What is the reasonable value of legal services performed by Y&Y&R on behalf of the Eichenlaubs:

$ _____

If you awarded any damages in question 1h, then continue and answer question 2. If you did not award any damages, then stop here, answer no further questions, and have the presiding juror sign and date this form.

2.  Did Mr. Yagman prove by clear and convincing evidence that Mr. Galipo engaged in the conduct with malice, oppression, or fraud?

Yes _____    No _____

Signed: _____
Foreperson

Dated: _____

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

Source:  CACI VF-2201, VF 2202, VF-3900 (as modified).

### PHASE THREE VERDICT FORM (Amount of Punitives)

QUESTION NO. 1

1.  What amount of punitive damages, if any, do you award Mr. Yagman?

$ _____

Signed: _____
                Foreperson

Dated: _____

**After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.**

<u>Source</u>:   CACI VF-3900.

1  Respectfully submitted,
2  DATED: July 1, 2014         LAW OFFICE OF DALE K. GALIPO

   By: _____
   Dale K. Galipo
   Attorneys for Defendants

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Richard Vasquez am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On July 1, 2014, I served the foregoing documents described as **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

METHOD OF SERVICE

☒ (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (**BY PERSONAL SERVICE**) I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ (**BY FEDERAL EXPRESS**) I caused such document(s) to be deposited for delivery to the addressee(s).

☐ (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☐ (State) I declare under penalty of perjury that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 1, 2014, at Woodland Hills, California

_R. Vasquez_
Richard Vasquez

Case No. CV 12-07908-GW(SHx)

PROOF OF SERVICE

## SERVICE LIST

Stephen Yagman
723 Ocean Front Walk
Venice Beach, CA 90291